## Commonwealth v. Schweitzer

*John V. Boland*, assistant district attorney, for Commonwealth.

*John S. Speicher*, for defendant.

SHANAMAN, J., January 25, 1950.—On informations by John M. Mazak, a State policeman, defendant Roy V. Schweitzer was charged with driving at ex-

cessive speed, before Justice of the Peace Lawson G. Dietrich, and with driving recklessly, before Justice of the Peace Charles F. Knoll. Defendant waived hearing in each instance, and gave bail for court. A judge of the quarter sessions court subsequently heard the cases. The Commonwealth concedes that the evidence will not support a conviction for reckless driving, but presses the speed charge involving an alleged violation of section 1002 of The Vehicle Code. Defendant contends that the testimony allows a reasonable doubt as to whether the officers timed defendant over a full quarter of a mile as required by the Act of June 27, 1939, P. L. 1135, sec. 23, amending section 1002 of the Act of May 1, 1929 P. L. 905. Officer Mazak testified that he clocked defendant for about a mile on Route 662, during which time defendant averaged 65 miles an hour and that defendant told him that he (defendant) was a racing driver and able to drive at high speed. Officer McGlinn testified that on Route 662 he checked defendant for three-tenths of a mile at from 60 to 65 miles an hour. Able cross-examination did not break down the testimony of the officers. Defendant admitted that his own speedometer was not working, and that he could only judge that his speed was not excessive and could not state at what speed he was driving. The testimony of his passenger had no greater weight. The testing over a sufficient stretch of road was satisfactorily shown.

Defendant contends that the speedometer was not properly qualified to become a necessary element in the proof of the offense. The certificate in evidence stated that the speedometer was tested and found accurate. Defendant contends that such a certificate is inadmissible because section 1002 (d) as amended, provides as follows:

"An official certificate . . . showing such test was made, that the speedometer was adjusted for accuracy,

. . . and the degree of accuracy of such speedometer after adjustment, shall be competent and prima facie evidence . . ."

Defendant relies on Commonwealth v. Loos, 67 D. & C. 586, which held that the certificate there in question did not fulfill the requirements of the act. In that case the certificate, because it merely stated that the speedometer had been tested, was properly rejected as evidence. Not only was the result of the test in no way indicated, but no inference could be reasonably drawn that the test was one for accuracy. In the present case the certificate that the speedometer was "tested and found accurate" shows all of the three requirements of the section. The statute does not require that each shall be specifically averred, but that the certificate shall "show" the existence of the requirements, i.e., (1) a testing for accuracy, (2) an adjustment for accuracy, and (3) the degree of accuracy after adjustment. Each and all of these are comprehended within a statement that it was "tested and found accurate". A statement that the speedometer was found accurate implies either that it was adjusted for accuracy or that no adjustment was necessary. A statement that it was found accurate embraces also the degree of accuracy, to wit, the absence of any degree of inaccuracy. A statement that the speedometer was tested and found accurate, means without doubt that it was tested for accuracy. Persons not trained to the comprehensive word-exactness of lawyers would ordinarily employ the words "tested and found accurate" to state that they "tested for accuracy and found accurate." If the certificate in substance and reasonable effect conveys all of the information required by section 1002(d), the absence of a preferable explicitness, if such explicitness is not expressly required by the statute, should not render the certificate inadmissible.

And now, to wit, January 25, 1950, Roy V. Schweitzer, defendant, is found not guilty of reckless driving. Roy V. Schweitzer, defendant is found guilty of driving a motor vehicle at excessive speed in violation of section 1002(*b*) of The Vehicle Code, as amended by the Act of June 27, 1939, P. L. 1135.